James 0. Moore, J.
This is a motion on behalf of the plaintiff for summary judgment in1 an action instituted under section 296 of the Executive Law which makes it an unlawful discriminatory practice for an employer to refuse to hire any individual because of his or her sex.
The complaint alleges that the plaintiff applied for the position of a busboy at a restaurant operated by the corporate defendant and managed by the individual defendant in the Main Place Mall in the City of Buffalo, New York. He was refused *213 employment because of the length of his hair but a short time after his initial interview was called and told that he could have the job if he was clean and neat upon his arrival at the restaurant. It is further alleged that he appeared at the restaurant in answer to this summons and in a neat and clean condition, but the defendant Buriatos advised him that he would not be hired because of his long hair. The complaint charges that the defendants have employed and continue to employ women on a basis not restrictive of their hair length and thus asserts that refusal to employ him was based on the fact that he was a male with long hair.
The answer does not dispute the substance of the allegations of the complaint except that it is alleged that the plaintiff had agreed to cut his hair upon the occasion when he was summoned to return to the restaurant. The defendants admit that employment was refused to the plaintiff because of the abnormal length of his hair. The answer denies that the plaintiff was clean and neat and alleges that due to the conditions of his hair he was not only a health hazard, but in the opinion of the defendants “not the type of individual whose image would be of benefit to Buffalo Sidewalk Cafe, Inc.”
The motion for summary judgment is made on the admissions contained in the pleadings together with moving papers which contain photographs of female employees engaged in work at the Sidewalk Cafe, all of whom have hair styles extending well below the shoulder line. In addition, the plaintiff’s own supporting affidavit sets forth his attempts to obtain employment at various other restaurants in the area as well as other types of commercial and service establishments. The plaintiff contends that he maintains himself in a neat and clean condition and is willing and able to work but unable to secure employment.
The defendants have submitted no papers in opposition to this motion and in response to an inquiry made by the court have elected to stand on their original answer. As a consequence, it stands established that the plaintiff was denied employment because of the length of his hair while women employees were employed and retained in employment without regard to hair length. The defendants’ contention in their answer that the plaintiff’s hair style would have constituted a health hazard is not entitled to serious consideration. In the first place, this was not the reason advanced by the defendants at the time the plaintiff was refused employment. Secondly, the same type of health hazard would obviously obtain in the case of the women employees, who, as the moving papers demonstrate, are engaged in the handling and preparation of foods. Finally, the plain *214 tiff’s moving papers indicate a willingness on his part to wear any type of net or head gear which would guard against any such hazard. Thus, the so-called health defense must be regarded as an afterthought.
The nub of this case is found in the proffered defense that a male with long hair is not the type of individual whose image would be of benefit to the defendants. Granted that an employer has the right to adopt a hiring policy which requires all prospective employees to be neat, well groomed, clean and in the case of male employees beardless, no such defense is preferred in this case (cf. Matter of Eastern Greyhound Lines Division of Greyhound Line v. New York State Division of Human Rights, 27 N Y 2d 279). The established fact is that the defendant employer hires women with long hair but refuses to hire men with long hair. This is the so-called “ sex-plus ” discrimination epitomized by the familiar policy of the airlines that all female airline stewardesses who marry are no longer employable while male stewards may marry and retain their position. The discriminatory nature of such a classification has now been well established. (Phillips v. Martin Marietta Corp., 400 U. S. 542; Sprogis v. United Air Lines, 444 F. 2d 1194.)
The courts of this State have properly equated the Federal Civil Eights Act of 1964 with the New York Human Eights Act (New York State Division of Human Rights v. New York-Penn. Professional Baseball League, 36 A D 2d 364). Both of these statutes exemplify a broad national and State policy which requires that persons of like qualifications be given employment opportunities irrespective of sex and as a consequence the sexual stereotyping which has traditionally discriminated (largely against women) is no longer a viable or legal classification. Although the statutory exception respecting 1 ‘ bona fide occupational qualification ” (BFOQ) does permit a degree of sexual discrimination, for example, actresses and models, the burden of sustaining such permissible discrimination is placed upon the employer. (See New York State Division of Human Rights v. New York-Penn. Professional Baseball League, 36 A D 2d 364, supra.)
In the instant case, there is not presented the issue of BFOQ because the defendant contends that this is a man’s job and a man is applying for it. Nonetheless, the defendant who seeks to justify a ‘ ‘ length of hair classification ’ ’ as between men and women must assume a similar burden. This is not met by the assertion in a pleading that in the opinion of the defendant the long-haired male projects an image that would not be of benefit to its business operations. Without deference or regard *215 to the avant-garde concept of “uni-sex”, it is, indeed, late in the day for the proprietors of a restaurant operating in the Main Place Mall of Buffalo to proclaim that a 16-year-old boy with long hair, employed as a busboy, reflects an image detrimental to the business of such a facility. The most fleeting observation of the contemporary scene belies such an assertion and under the circumstances the bare assertion of a contrary opinion fails to create an issue of fact which warrants the denial of summary judgment herein.
Nothing in this opinion is intended to detract from the conceded right of an employer to demand and enforce an appropriate dress and appearance code for his employees, and the holding in this case should be read as limited to the circumstance where an employer has denied employment solely because of the length of the hair of a male applicant. Consequently, the relief granted herein is limited to a mandatory injunction directing the defendants to refrain from discriminating in the employment of busboys on the ground of the length of the hair of the applicant.
In the light of the unusual nature of this litigation, the court in the exercise of discretion refrains from awarding any back wages.